# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE L. BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-797-JPG |
| | ) |
| MICHAEL PEEBLES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff George L. Barnes, an inmate in the Marion County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## FACTS ALLEGED

On May 27, 2007, Barnes was walking to friend Zadie Sharkey's apartment when Barnes was stopped by Defendant Michael Peebles. Peebles searched Barnes and requested identification, which was provided. The identification information was processed through the Centralia Police Department, providing Peebles with Barnes's record, which was clear. Peebles allegedly became upset by this, and so struck Barnes on the right side of the face with a police-issue flashlight, causing Barnes to fear for his life as well as knocking one of Barnes's teeth loose. Barnes proceeded to flee after the physical altercation, with Defendant James in pursuit threatening to discharge his weapon if Barnes continued to run. At this point Barnes spotted his fiancée in a vehicle within viewing distance, and thus stopped running in the view that the fiancée would be able to witness the harassment.

Once Barnes stopped running, he proceeded to lay on the ground where he stood so that the pursuing s could reach him. When James reached Barnes, he allegedly sprayed Barnes with mace in the eyes, ears, and mouth while striking Barnes's face with a fist. Peebles then allegedly began kicking Barnes in the head, and ceased once Barnes called out to his nearby fiancée. Barnes was then placed in a police custody vehicle to be transported.

While in transport to the Marion County Jail, Peebles and James allegedly refused to provide Barnes with medical treatment for the injuries suffered. Upon reaching the jail, Barnes was taken to booking, where booking agent Grey observed the injuries and related the injuries to Defendant Robert Demitra so as to provide Barnes with medical treatment. Demitra allegedly refused to comply with this request, and Barnes was not given access to medical treatment for his entire stay thus far at Marion County Jail. Barnes now seeks $2,000,000 in damages, permanent removal from duty for Michael Peebles and Sergeant James, and two-week temporary unpaid removal from duty

for Robert Demitra.

**LEGAL CLAIMS**

Barnes claims first that Peebles and James used excessive force while taking him into custody. Claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a Court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the s or others, and whether the suspect was attempting to resist or evade arrest. The objective reasonableness of the Defendants' response will be based upon the information the Defendants had at the time of the arrest. *See Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004). Based on these standards, Plaintiff's claims of excessive force during his arrest cannot be dismissed at this time.

Barnes next claims that he was denied necessary medical treatment in response to the injuries he received as a result of the arrest.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the

> defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

Barnes claims that Defendants Peebles and James disregarded his need for medical attention during transportation to Marion County Jail. Barnes's claim suggests that as they inflicted the injuries, they had actual knowledge of the extent of those injuries. Whether the injuries suffered by Barnes were obvious and purposefully disregarded by Peebles and James is unclear at this time, and must be examined to determine whether lack of medical treatment was based on reckless disregard or based on negligence. As such, Barnes's claims against Peebles and James cannot be dismissed at this time.

Barnes also claims that administrative agent Demitra disregarded his need for medical transportation during his booking and incarceration in Marion County Jail. Demitra was informed by booking agent Grey that Barnes had suffered injuries and was in need of medial treatment. However, Demitra refused to provide Barnes with the requested medical treatment although informed of the need. Under the standards set forth above, Barnes's claim against Demitra cannot be dismissed at this time.

**APPOINTMENT OF COUNSEL**

Barnes also requests that the Court appoint him counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court

must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Barnes states only that he has written to law firms and legal organizations, which might constitute a reasonable attempt.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* Barnes's claims are not that factually complex, as set forth above. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on the pleadings in this case, this Court concludes that - at this time - Barnes appears to be competent to litigate his case. Therefore, his motion for the appointment of counsel is **DENIED**, without prejudice.

## DISPOSITION

The Clerk is directed to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **PEEBLES, JAMES,** and **DEMITRA.** The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **PEEBLES, JAMES** and **DEMITRA** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Marion County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c).

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: June 15, 2009.**

                                                    s/ J. Phil Gilbert  
                                                  **U. S. District Judge**